NATHAN COBB *et al.*, *Respondents, v.* DWIGHT B. COWLES, *Impleaded, etc.*, with others, *Appellants.*— Judgment reversed and new trial ordered before another referee, costs to abide the event, unless the plaintiffs stipulate that the judgment may be reduced in the sum of fifty dollars, with the interest thereon from the 23d day of May, 1877, to the date of the entry of judgment; if stipulation is given, the judgment for the amount so reduced affirmed, without costs of this appeal to either party.

FRANCIS GARTLAN, *Respondent, v.* PHILANDER W. FOBES, *as Successor, etc., Appellant.*— Judgment affirmed.

ADELINE M. PERIGO, *Respondent, v.* CATHERINE DOWDALL.— Order appealed from affirmed, with ten dollars costs and disbursements.

SAMUEL P. FOX, *as Commissioner of Highways, v.* THE ERIE PRESERVING COMPANY.— Order reversed, without costs, with leave to the defendant to serve an amended answer in twenty days. HAIGHT, J., not sitting.

IN THE MATTER OF THE APPLICATION OF THE NEW YORK, WEST SHORE AND BUFFALO RAILWAY COMPANY, *Respondent,* TO ACQUIRE TITLE TO CERTAIN REAL ESTATE BELONGING TO JACOB CROUSE AND MRS. JACOB CROUSE, *Appellants.*—Orders appealed from affirmed, with ten dollars costs and disbursements. *Held,* that neither an affidavit of one of the commissioners, nor proof of statements made by him as to the basis upon which the commissioners proceeded in reaching their decision, can be received to impeach their report.

IN THE MATTER OF THE RECEIVERSHIP OF THE SYRACUSE, CHENANGO AND NEW YORK RAILROAD COMPANY, *Respondent.*— Application of the receiver for instructions as to the sale of certain premises. Order appealed from, directing receiver to convey, etc., reversed. Following the order of this court made at the April term, 1882, dismissing the petition of the receiver for authority to sell, etc.

WILLIAM C. RUGER *et al.*, *Respondents, v.* JAMES J. BELDEN *et al.*, *Appellants.*— Order affirmed, with ten dollars costs and disbursements. *Per Curiam.* — Action for attorney's services. The services were rendered in several different actions or proceedings, running through a period of six years. According to the affidavits on the part of the plaintiffs and the pleadings, the services were rendered under several separate retainers, and the Special Term is deemed to have so held. The value of the services is put in issue by the pleadings, and the trial will involve the examination of a large number of items of service, with a view of determining the value of each. We think the action is referable.

MARY BARBER, *Respondent, v.* ALONZO H. LEWIS, *Appellant.*— Judgment and order affirmed, with costs. HAIGHT, J., not sitting.